UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHARLENE OLIVER | : |
| | : |
| v. | :  C.A. No. 19-00415-WES |
| | : |
| PROVIDENCE WATER | : |
| SUPPLY BOARD, et al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendants' Motion for Summary Judgment. (ECF No. 26). Plaintiff objects. (ECF No. 31). For the following reasons, I recommend that Defendants' Motion be DENIED.

**Discussion**

**A.   Standard of Review**

Under Fed. R. Civ. P. 56, summary judgment is appropriate if the pleadings, the discovery, disclosure materials and any affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009); Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006) (quoting Fed. R. Civ. P. 56(c)). A fact is material only if it possesses the capacity to sway the outcome of the litigation; a dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010). The evidence must be in a form that permits the court to conclude that it will be admissible at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986). "[E]vidence illustrating the factual controversy cannot be conjectural or problematic; it

must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Vasconcellos v. Pier 1 Imps. (U.S.) Inc., C.A. No. 06-484T, 2008 WL 4601036, at *3 (D.R.I. Apr. 28, 2008).  The "fact that there are conceivable inferences that could be drawn in Plaintiff's favor does not mean that those inferences are 'reasonable' enough to justify sending the case to the jury." Tavares v. Enter. Rent-A-Car Co. of R.I., No. CV 13-521 S, 2016 WL 6988812, at *2-3 (D.R.I. Nov. 29, 2016).

In ruling on a motion for summary judgment, the court must examine the record evidence in the light most favorable to the nonmoving party; the court must not weigh the evidence or reach factual inferences contrary to the opposing party's competent evidence. Tolan v. Cotton, 572 U.S. 650, 660 (2014).  In employment cases, summary judgment is appropriate when the party opposing the motion "rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000); Bonilla v. Electrolizing, Inc., 607 F. Supp. 2d 307, 314 (D.R.I. 2009).  The motion must be denied if there is sufficient evidence from which a reasonable jury could infer that the adverse employment action was based on discriminatory animus or that the employer's articulated reason is a sham and the true reason is discriminatory. Trainor v. HEI Hosp., LLC, 699 F.3d 19, 28 (1st Cir. 2012); Smith v. F.W. Morse & Co., 76 F.3d 413, 421 (1st Cir. 1996).

**B.     Background**

Plaintiff formerly worked for the City of Providence as a Purchasing Agent at the Providence Water Supply Board ("PWSB").  She alleges that she was "compelled" by a hostile work environment to leave the PWSB in early 2019 and transfer to the position of Workers' Compensation Assistant in Providence City Hall.  She contends that the transfer was a "constructive discharge." (ECF No. 31 at p. 21).  While employed at PWSB, Plaintiff reported to

the Supervisor of Purchasing, Rebecca Lourenco, who in turn reported to the Manager of Purchasing, Beth Paquin. Plaintiff alleges that "she suffered years of retaliation as the result of her complaining of and opposing misappropriation and other violations of law that she observed in her position." (ECF No. 31 at p. 2). She points out that Ms. Lourenco ultimately pled nolo in 2019 to the charge of wrongful conversion by a municipal employee and received a three-year deferred sentence with restitution ordered in the amount of $13,806.12. (ECF No. 33-20). Plaintiff alleges that this pattern of mistreatment of her over a period violated the Rhode Island Whistleblowers' Protection Act, R.I. Gen. Laws § 28-50-1, et seq. (the "RIWPA"). As a Massachusetts resident, Plaintiff brings her RIWPA claim to this Court pursuant to the diversity of citizenship jurisdiction statute, 28 U.S.C. § 1332(a).

Defendants present a very narrow challenge to Plaintiff's RIWPA claim. First, they contend that Plaintiff's claim fails because it is undisputed that she was never discharged or threatened in connection with her employment. And second, as to Plaintiff's claims that she was otherwise discriminated against, Defendants concede that Plaintiff has offered evidence of alleged instances of discriminatory retaliation (ECF No. 26 at p. 5) but argue that any claimed damages could not possibly exceed the $75,000.00 threshold for diversity jurisdiction in this Court. Applying the applicable Rule 56 standard and examining the factual record in the light most favorable to Plaintiff, Defendants fall far short of their burden of establishing entitlement to judgment in their favor as a matter of law. Thus, I recommend that Defendants' Motion for Summary Judgment be DENIED.

### C.     Analysis and Recommendation

As noted, Plaintiff alleges that she suffered retaliation in violation of the RIWPA for raising concerns about financial misappropriation and purchasing law violations at the PWSB.

The RIWPA states, in pertinent part:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment…
>
> * * *
>
> [b]ecause the employee reports verbally or in writing to the employer or to the employee's supervisor a violation, which the employee knows or reasonably believes has occurred or is about to occur, of a law or regulation or rule promulgated under the laws of this state, a political subdivision of this state, or the United States, unless the employee knows or has reason to know that the report is false. Provided, that if the report is verbally made, the employee must establish by clear and convincing evidence that the report was made.

R.I.G.L. § 28-50-3(4).

In order to set forth a prima facie whistleblower/retaliation claim under the RIWPA, a plaintiff-employee must establish (1) that he/she engaged in protected conduct; (2) that he/she experienced an adverse employment action; and (3) that a causal connection existed between the protected conduct and the adverse employment action. See Chagnon v. Lifespan Corp., No. 15-493S, 2017 WL 3278952 *6 (D.R.I. June 19, 2017). Defendants argue that Plaintiff was not subject to discharge or any threat that could, as a matter of law, form the basis of the retaliation claims she asserts in this action. Specifically, they argue that (1) Plaintiff transferred voluntarily into another City job and was never discharged; and (2) there is no "indication" that Plaintiff was ever threatened regarding her terms or conditions of employment. (ECF No. 26 at pp. 2-4). Plaintiff concedes that she was not formally discharged but argues that she was constructively discharged,[1] i.e., compelled to "bid out" to escape a hostile work environment. Plaintiff also contends that she was threatened with employment termination at one point.

---

[1] Defendants argue that only an actual "discharge" violates the RIWPA but offer no persuasive argument or authority that the theory of constructive discharge is inapplicable. Further, viewing the evidence in the light most

At first blush, Defendants' Motion appears to focus narrowly on Plaintiff's ability to satisfy the second element of her prima facie case – whether she suffered an adverse employment action. However, on closer review, Defendants effectively concede that Plaintiff has satisfied that element. The RIWPA makes it unlawful for an employer to discharge, threaten, "or otherwise discriminate against an employee" in retaliation for engaging in conduct protected by the statute. Here, Defendants challenge Plaintiff's showing on the issues of discharge and threats under the RIWPA but offer no challenge to Plaintiff's allegations of other hostile acts and retaliatory discrimination such as being required to raise her hand for permission to get up from her seat, a 2016 "documented verbal warning" for insubordination (ECF No. 33-9), being denied intermittent FMLA leave to care for her ill mother, a January 2018 "documented verbal warning" for unauthorized absence related to a visit to City Hall (ECF No. 33-11), and a December 2018 "documented verbal warning" for "insolence" (ECF No. 33-19). As noted, Defendants have not disputed that Plaintiff has offered evidence of discriminatory treatment that could support a finding that the RIWPA was violated. (ECF No. 26 at p. 5). Thus, Defendants have not shown an entitlement to summary judgment on Plaintiff's RIWPA claim.

Defendants' argument segues into a challenge to Plaintiff's damages and this Court's diversity subject matter jurisdiction. They argue that Plaintiff's damages from any alleged discrimination "could not possibly" meet the $75,000.00 threshold for diversity jurisdiction in this Court. Id. at p. 5; 28 U.S.C. § 1332(a). They contend that "[j]urisdictionally, then, the relevant question boils down to whether it is a legal certainty that [Plaintiff's] claim, of emotional injury from PWSB's 'discrimination'…towards her, involves less than $75,000." Id. at p. 6.

---

favorable to Plaintiff, she has presented a trial-worthy question of whether her transfer constitutes a "constructive discharge." See Cohen v. FGX Int'l, Inc. No. 18-380WES, 2019 WL 2526728, *7 (D.R.I. June 17, 2019) (applying hostile environment/constructive discharge theory to RIWPA claim and dismissing where employee resigned and "failed to plead facts that – if proven – could demonstrate constructive discharge").

When a defendant challenges the amount in controversy, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the [$75,000.00] jurisdictional amount." Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 42 (1st Cir. 2012). Plaintiff here easily meets that burden.

First, it is undisputed that Plaintiff suffered a pay reduction of nearly $3.00 per hour when she transferred in early 2019 from her PWSB position to her current City position. As noted, she alleges that she was "compelled" to seek a transfer due to the hostile work environment at the PWSB and thus constructively discharged. Plaintiff asserts that her lost wages currently approximate $10,000.00. Second, Plaintiff seeks damages for emotional distress over a five-year period. Defendants argue that Plaintiff is precluded from seeking such damages because she has not sought medical care[2] and has no record of physical symptomatology (ECF No. 26 at p. 8), but the cases relied upon by Defendant are inapposite as they were decided in the context of tort claims for infliction of emotional distress. Id. In the context of the RIWPA, the Rhode Island Supreme Court upheld a damages award for emotional distress in the absence of medical testimony and held that the jury was able to determine whether emotional distress could "ordinarily and naturally follow from" the challenged conduct. Adams v. Uno Restaurants, Inc., 794 A.2 489, 493 (R.I. 2002); see also McDonough v. City of Quincy, 452 F.3d 8, 22 (1st Cir. 2006) (upholding award of emotional distress damages for a Title VII retaliation claim). Finally, attorneys' fees may be included in calculating the amount in controversy where the statute in issue "mandates or allows" an award of fees to the prevailing party. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001).

---

[2] Although there are no medical treatment records presented, Plaintiff was evaluated in early 2022, at the request of her Union, by a neuropsychologist who opined that Plaintiff is "experiencing significant anxiety and depression due to ongoing work-related stress…[and] does not appear to be fit-for-duty at this time." (ECF No. 33-12 at p. 5).

Here, the RIWPA (R.I. Gen. Laws § 28-50-5) allows for the award of fees, and Plaintiff's counsel conservatively and reasonably estimates fees incurred to date to be approximately $20,000.00. Based on the lost wages, claimed emotional distress and potential for an award of attorney's fees, Plaintiff has met her burden of showing that it is not a legal certainty that the amount in controversy is less than $75,000.00. Accordingly, Defendants' challenge to subject matter jurisdiction fails on this record.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion for Summary Judgment (ECF No. 26) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 22, 2022